# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> YELLOW JACKET OIL TOOLS, LLC <br><br> *Defendant.* | Civil Action No. 4:21-cv-02599 <br><br> Jury Trial Demanded |

## DEFENDANT YELLOW JACKET OIL TOOLS, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

On August 5, 2021, in response to Defendant Yellow Jacket Oil Tools, LLC's ("Yellow Jacket" or "Defendant") motion to dismiss for improper venue, the United States District Court for the Western District of Texas issued an order hereby transferring the action against Defendant to the Southern District of Texas, where venue is proper. Defendant respectfully agrees with the United States District Court for the Western District of Texas that venue is not proper in the Western District of Texas. Following the Court's order transferring the case against Defendant to the Southern District of Texas, and without waiver of any rights, including Defendant's motion to dismiss for improper venue or the District Court's subsequent ruling on that motion and transfer of the action to the Southern

District of Texas, Defendant files this Answer to Plaintiffs' First Amended Complaint. In support, Defendant states the following:

## I.    THE PARTIES

1. Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1, and therefore denies the same.

2. Defendant admits that Plaintiff DynaEnergetics US has its headquarters at 2050 W. Sam Houston Parkway S., Suite 1750 Houston, TX 77042-3659. Defendant lacks the knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2, and therefore denies the same.

3. Defendant admits that it is a Texas limited liability company with a registered address of 11660 Brittmoore Park Dr., Houston, Texas 77041-6917. Defendant denies that it owns or operates a website. Defendant admits that its registered agent may be served with process at 11927 Tanner Road, Houston, TX, 77041.

4. Defendant admits that G&H Diversified Manufacturing, LP is a Texas limited partnership with its principal place of business at 11927 Tanner Rd, Houston, TX 77041-6703. Defendant admits that the website available at https://www.ghdiv.com/contact lists 11660 Brittmoore Park Dr., Houston, Texas 77041 as the headquarters of G&H Diversified Manufacturing, LP.

5. Defendant denies the allegations in Paragraph 5.

## II.    JURISDICTION AND VENUE

6. Defendant admits that Paragraph 6 purports to state a claim for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including

35 U.S.C. § 271. Defendant denies that Plaintiffs' claim stated in Paragraph 6 has any merit.

7. Defendant admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) over actions arising under the patent laws of the United States. Defendant denies the remaining allegations in Paragraph 7.

8. Defendant admits that it has its principal place of business in the Southern District of Texas. Defendant admits that it is owned by G&H Diversified Manufacturing, LP. Defendant admits that Andrews, Crane, Ector, Jeff Davis, Loving, Martin, Midland, Pecos, Reeves, Upton, Ward, and Winkler counties are within the Western District of Texas. Defendant denies the remaining allegations in Paragraph 8.

9. Defendant admits that on January 29, 2021 it filed a motion under Federal Rule of Civil Procedure 12(b)(3) (Dkt. 16) stating that originally filed matter in the Western District of Texas should be dismissed for lack of venue.

10. Defendant admits that John Kaiser stated in a January 29, 2021 declaration that G&H Diversified Manufacturing, LP designs, manufactures, and sells perforating guns under the Yellow Jacket Oil Tools brand name and leases the property at 4608 S County Road 1310, Odessa, TX 79765. Defendant admits that Plaintiffs have added an allegation to the Amended Complaint that Yellow Jacket is an alter ego of G&H but denies the allegation that Yellow Jacket is an alter ego of G&H. Defendant denies the remaining allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13.  Defendant admits that Ex. D recites "Yellow Jacket, a division of G&H Diversified, produces superior oilfield tools." Defendant denies the remaining allegations of paragraph 13.

14.  Defendant denies the allegations in Paragraph 14.

15.  Defendant denies the allegations in Paragraph 15 as they apply to the Western District of Texas.

### III.  FACTS

#### A.  DynaEnergetics' Technology

16.  Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16, and therefore denies the same.

17.  Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17, and therefore denies the same.

18.  Defendant admits that the '697 Patent is entitled "PERFORATION GUN COMPONENTS AND SYSTEM." Defendant admits that Exhibit A to Plaintiffs' First Amended Complaint purports to be a copy of U.S. Patent No. 10,844,697 (the "'697 Patent"). Defendant admits that the face of the copy of the '697 Patent attached as Exhibit A to the First Amended Complaint states that it was issued on Nov. 24, 2020 and states that the Assignee of the '697 Patent is DynaEnergetics Europe GmbH. Defendant lacks the knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 18, and therefore denies the same.

19.  Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19, and therefore denies the same.

20. Defendant admits that Paragraph 20 recites the text of Claim 1 of the copy of the '697 Patent attached as Exhibit A to Plaintiffs' First Amended Complaint.

**B.     G&H and Yellow Jacket**

21. Defendant denies the allegations in Paragraph 16 as they pertain to Defendant Yellow Jacket Oil Tools, LLC. Defendant admits that G&H Diversified Manufacturing, LP produces products in the field of perforating systems. Defendant admits that G&H Diversified Manufacturing, LP has manufactured, distributed, sold, or offered to sell the product referred to in the First Amended Complaint as the "YJOT Pre-Wired Perforating Gun" in the United States, including within the State of Texas and within this District. Defendant denies the remaining allegations in Paragraph 21.

22. Defendant admits that it is wholly owned by G&H Diversified Manufacturing, LP. Defendant admits that it was formed in 2015 under the name Yellow Jacket Equipment LLC, which was amended in 2019 to Yellow Jacket Oil Tools, LLC. Defendant admits that G&H Diversified Manufacturing, LP is its managing and sole member.  Defendant admits that Yellow Jacket Oil Tools, LLC has the following officers: Chief Executive Officer, Edward C. Kash; President, James E. Kash; Chief Financial Officer and Secretary, John Kaiser. Defendant denies the remaining allegations in Paragraph 22.

23. Defendant admits that Exhibit H to Plaintiffs' First Amended Complaint purports to be a copy of a portion of the website available at www.yjoiltools.com/Perforating-Guns/Pre-Wired-Perforating-Gun. Defendant denies the remaining allegations in Paragraph 23.

24. Defendant admits that the website www.yjoiltools.com/Perforating-Guns/Pre-Wired-Perforating-Gun contains a link to a downloadable PDF with the name "YJOT_Pre-Wired Perforating Guns.pdf." Defendant admits that Exhibit I to Plaintiffs' First Amended Complaint appears to be a copy of this PDF. Defendant denies the remaining allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant admits that Jimmy Kash received a letter dated September 11, 2020. Defendant admits that letter referred to U.S. Patent Application 16/585,790 (the "'790 Application"). Defendant admits that Exhibit J to Plaintiffs' First Amended Complaint appears to be a copy of this letter. Defendant admits that a Plaintiffs filed a patent infringement action against it in the Western District of Texas on December 4, 2020. Defendant admits that the '697 Patent issued from the '790 Application. Defendant admits that it did not respond to the letter dated September 11, 2020. Defendant denies the remaining allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

## IV.   COUNT I – INFRINGEMTNT OF THE '697 PATENT

33.   Defendant restates and incorporates each of its responses in the preceding paragraphs as if fully stated herein.

34.   Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34, and therefore denies the same.

35.   Defendant denies the allegations in Paragraph 35.

36.   Defendant denies the allegations in Paragraph 36.

37.   Defendant denies the allegations in Paragraph 37.

38.   Defendant denies the allegations in Paragraph 38.

## V.   ATTORNEYS' FEES

39.   Defendant denies the allegations in Paragraph 39.

## VI.   JURY DEMAND

40.   Plaintiffs' demand for a jury trial does not require a response by Defendant.

### PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any relief whatsoever, including but not limited to the relief sought in Paragraphs A–F of Plaintiffs' Prayer for Relief.

### DEFENSES

Defendant incorporates by reference as if fully set forth herein its responses to Paragraphs 1–40 of Plaintiffs' First Amended Complaint. To the extent not expressly admitted above, Defendant denies the factual allegations contained in Plaintiffs' First Amended Complaint. Without assuming any burden other than that imposed by operation

of law and without reducing or removing Plaintiffs' burdens of proof on its affirmative claims, Defendant alleges and asserts the following defenses in response to Plaintiffs' First Amended Complaint and Plaintiffs' assertion of infringement of the '697 Patent, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition, Defendant specifically reserves all rights to allege additional defenses that become known through the course of discovery.

### FIRST SEPARATE DEFENSE
### (FAILURE TO STATE A CLAIM)

1. Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE
### (NON-INFRINGEMENT)

2. Defendant has not infringed, and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '697 Patent, whether directly, indirectly, contributorily, by inducement, individually, jointly, willfully, or otherwise.

### THIRD SEPARATE DEFENSE
### (INVALIDITY)

3. The claims of the '697 Patent are invalid for failure to comply with one or more of the statutory requirements of or conditions for patentability specified by 35 U.S.C. §§ 101, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or one or more paragraphs of § 112, and the rules and laws pertaining to those provisions as will be

explained in Defendant's P.R. 3-3 Disclosure of Invalidity Contentions and Defendant's Ineligibility Contentions.

## FOURTH SEPARATE DEFENSE
## (PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER)

4. Plaintiffs are precluded from construing any valid claim of the '697 Patent to be infringed, literally or under the Doctrine of Equivalents, due to admissions, arguments, amendments, representations, and/or statements made to the U.S. Patent and Trademark Office (a) during prosecution of the '697 Patent, (b) in the specification and claims of the '697 Patent, and/or (c) during the prosecution of patents and applications related to the '697 Patent.

## FIFTH SEPARATE DEFENSE
## (NO WILLFUL OR EGREGIOUS INFRINGEMENT)

5. Plaintiffs are not entitled to enhanced damages under 35 U.S.C. § 284, at least because Plaintiffs have failed to show, and cannot show, that any infringement has been willful and/or egregious.

## SIXTH SEPARATE DEFENSE
## (LIMITATION ON DAMAGES)

6. Plaintiffs' claims for relief are statutorily limited in whole or in part by 35 U.S.C. § 286.

7. To the extent that Plaintiffs or any licensee of the '697 Patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Defendant's actions allegedly infringed any claim of the '697 Patent, Defendant is not liable to Plaintiffs for the acts alleged to have been performed

before Defendant received actual notice of infringement. On information and belief, Plaintiffs' claims are barred, in whole or in part, or otherwise limited pursuant to 35 U.S.C. § 287.

## SEVENTH SEPARATE DEFENSE
## (COSTS)

8. Plaintiffs are precluded by 35 U.S.C. § 288 from recovering costs associated with its action.

## EIGHTH SEPARATE DEFENSE
## (NO ENTITLEMENT TO INJUNCTIVE RELIEF)

9. Plaintiffs are not entitled to injunctive relief. Under *eBay v. MercExchange, LLC*, 126 S. Ct. 1837, 547 U.S. 388 (2006) any alleged injury to Plaintiffs would not be immediate or irreparable, Plaintiffs would have an adequate remedy at law, and the balance of hardships does not warrant injunctive relief.

## NINTH SEPARATE DEFENSE

Plaintiffs' claims against Defendant constitute an exceptional case under 35 U.S.C § 285.

## COUNTERCLAIMS

On December 4, 2020, DynaEnergetics Europe GmbH ("DynaEnergetics Europe") and DynaEnergetics US, Inc. ("DynaEnergetics US") (collectively "DynaEnergetics") filed suit against Defendant in the Western District of Texas alleging infringement of U.S. Patent 10,844,697 (the "'697 Patent). Defendant moved to dismiss this claim on January 29, 2021. In its motion to dismiss, Defendant included a declaration stating that Defendant does not conduct any business. In response to Defendant's motion, DynaEnergetics amended its complaint to add allegations of patent infringement directed to Defendant's

parent entity, G&H Diversified Manufacturing, LP (G&H) but refused to dismiss Yellow Jacket and baselessly alleged that Yellow Jacket and G&H are alter egos. Subsequently, and despite being in possession of a sworn declaration that Yellow Jacket did not conduct any business, on March 8, 2021, DynaEnergetics brought counterclaims of infringement adding Yellow Jacket as a defendant in an action for declaratory judgment of non-infringement brought by G&H in the Southern District of Texas. After the Western District court determined that venue is improper with respect to Yellow Jacket in the Western District and transferred this case to the Southern District, DynaEnergetics offered to dismiss Yellow Jacket without prejudice but has refused to dismiss Yellow Jacket with prejudice. Because of DynaEnergetics history of brining suit against Yellow Jacket in apparent attempts to manipulate venue and due to their refusal to dismiss Yellow Jacket with prejudice, despite being aware that Yellow Jacket conducts no infringing activities, Defendant asserts the following counterclaims against DynaEnergetics Europe GmbH ("DynaEnergetics Europe") and DynaEnergetics US, Inc. ("DynaEnergetics US") (collectively "DynaEnergetics"). Upon information and belief, Defendant states as follows:

## THE PARTIES

1.      Yellow Jacket Oil Tools, LLC ("Yellow Jacket") is a limited liability company organized under the laws of the State of Texas, having a principal place of business at 11927 Tanner Road, Houston, TX, 77041.

2.      On information and belief, DynaEnergetics Europe GmbH ("DynaEnergetics Europe") is a corporation organized under the laws of Germany, with its headquarters at

Kaiserstrasse 3, 53840 Troisdorf, Germany.

3. On information and belief, Defendant DynaEnergetics US, Inc. ("DynaEnergetics US") is a corporation organized under the laws of the State of Colorado, with its headquarters at 2050 W. Sam Houston Pkwy S., Suite 1750, Houston, TX 77042-3659.

## JURISDICTION AND VENUE

4. The Southern District of Texas has jurisdiction over the subject matter of these counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338.

5. The Southern District of Texas has personal jurisdiction over DynaEnergetics US because DynaEnergetics US has its principal place of business within the State of Texas and within the Southern District of Texas, actively and regularly conducts business within the State of Texas and within the Southern District of Texas, including by commencing actions for patent infringement in the Southern District of Texas.

6. The Southern District of Texas has personal jurisdiction over DynaEnergetics Europe because, on information and belief, DynaEnergetics Europe actively and regularly conducts business within the State of Texas and within the Southern District of Texas, including by exclusively licensing the '697 Patent to DynaEnergetics US, a resident of the Southern District of Texas.

7. Venue is proper in the Southern District of Texas pursuant to at least 28 U.S.C. §§ 1391 and 1400 for these counterclaims because DynaEnergetics Europe and DynaEnergetics US have their principal place of business within the State of Texas and within the Southern District of Texas, actively and regularly conducts business within the

State of Texas and within the Southern District of Texas and DynaEnergetics Europe is a foreign entity.

## FACTUAL BACKGROUND

8. Yellow Jacket restates and incorporates by reference the allegations in its paragraphs 1 through 5 above as if set forth fully herein.

9. In its Complaint, DynaEnergetics alleges that Yellow Jacket has infringed U.S. Patent No. 10,844,697 ("the '697 Patent") by making, using, selling and/or offering for sale in the United States products that allegedly practice one or more claims of the '697 patent.

10. The '697 patent is invalid, unenforceable and/or is not infringed by Yellow Jacket, directly or indirectly.

11. Consequently, there is an actual case or controversy between the parties over the non-infringement, invalidity and unenforceability of the '697 patent.

## FIRST COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,844,697

12. Yellow Jacket restates and incorporates by reference the allegations in its paragraphs 1 through 9 above as if set forth fully herein.

13. An actual case or controversy exists between Yellow Jacket and DynaEnergetics as to whether the '697 patent is not infringed by Yellow Jacket.

14. Yellow Jacket has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '697 patent.

15. A judicial declaration is necessary and appropriate so that Yellow Jacket may

ascertain its rights regarding the '697 patent.

## SECOND COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,844,697

16. Yellow Jacket restates and incorporates by reference the allegations in its paragraphs 1 through 13 above as if set forth fully herein.

17. An actual case or controversy exists between Yellow Jacket and DynaEnergetics as to whether the '697 patent is invalid.

18. The claims of the '697 patent are invalid for failure to satisfy one or more requirements of 35 U.S.C. § 1, et seq., including but not limited to §§ 102, 103 and 112.

19. A judicial declaration is necessary and appropriate so that Yellow Jacket may ascertain whether the '697 patent is invalid.

## DEFENDANT'S DEMAND FOR JURY TRIAL

20. Defendant hereby demands a trial by jury of all issues so triable.

## DEFENDANT'S PRAYER FOR RELIEF

Defendant, reserving its right to amend the pleadings to add additional counterclaims and further defenses, if warranted by discovery, prays for the following relief:

A. A finding that Defendant does not infringe any claims of the '697 Patent;

B. A finding that all of the claims of the '697 Patent are invalid;

C. A judgment that Plaintiffs' Complaint be dismissed with prejudice, and that Plaintiffs take nothing by its Complaint;

F. Such other and further relief, whether legal, equitable, or otherwise, as the Court deems just and proper.

| | |
|---|---|
| Dated:  August 12, 2021 | Respectfully submitted,<br><br>/s/ *Amir Alavi*<br>Amir Alavi – *Attorney-in-Charge*<br>State Bar No. 00793239<br>Southern District Federal ID No. 20910<br>Demetrios Anaipakos<br>State Bar No. 00793258<br>Southern District Federal ID No. 20323<br>Scott W. Clark<br>State Bar No. 24007003<br>Southern District Federal ID No. 25553<br>Michael McBride<br>State Bar No. 24065700<br>Southern District Federal ID No. 3554928<br>Steven Jugle<br>State Bar No. 24083280<br>Southern District Federal ID No. 3633066<br>Joshua Wyde<br>State Bar No. 24060858<br>Southern District Federal ID No. 873284<br>Louis Liao<br>State Bar No. 24109471<br>Southern District Federal ID No. 3521938<br>Colin Phillips<br>State Bar No. 24105937<br>Southern District Federal ID No. 3576569<br>AHMAD, ZAVITSANOS, ANAIPAKOS,<br>    ALAVI & MENSING, P.C.<br>1221 McKinney Street, Suite 2500<br>Houston, Texas 77010<br>(713) 655-1101<br>(713) 655-0062<br>aalavi@azalaw.com<br>danaipakos@azalaw.com<br>sclark@azalaw.com<br>mmcbride@azalaw.com<br>sjugle@azalaw.com<br>jwyde@azalaw.com<br>lliao@azalaw.com<br>cphillips@azalaw.com |

ATTORNEYS FOR DEFENDANT
YELLOW JACKET OIL TOOLS,
LLC


**CERTIFICATE OF SERVICE**

      I hereby certify that on August 12, 2021, a copy of the foregoing was served on the following party electronically through the U.S. District Court, Southern District of Texas ECF system to all counsel of record all of whom are Filing Users of the Court's Electronic Filing System.

*/s/ Amir Alavi*
Amir Alavi