IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC., <br><br>*Plaintiffs,* <br><br>v. <br><br>YELLOW JACKET OIL TOOLS, LLC <br><br>*Defendant.* | Civil Action No. 3:21-cv-00240 <br><br> Jury Trial Demanded |

## YELLOW JACKET OIL TOOLS, LLC'S RESPONSE TO DYNAENERGETICS' MOTION TO DISMISS ITS CLAIMS WITH PREJUDICE (Dkt. 56)

On December 4, 2020, DynaEnergetics sued Yellow Jacket Oil Tools, LLC ("Yellow Jacket") for patent infringement in the Western District of Texas. For *months*, DynaEnergetics has pushed its claim against Yellow Jacket in an effort to tie up venue in the WDTX. Indeed, as part of its forum shopping, DynaEnergetics even demanded the dismissal of a declaratory action brought by an affiliate, G&H Diversified Manufacturing, LP ("G&H"), in the Southern District of Texas (where all the parties are headquartered) on the pretense that "DynaEnergetics accused Yellow Jacket Oil Tools, *not G&H*, of infringing the '697 Patent." Ex. A, Letter to Amir Alavi at p. 1. However, after the court in the WDTX ruled that venue was improper and transferred the above-captioned case to the SDTX, DynaEnergetics has pulled a 180º and now seeks to dismiss its claim against Yellow Jacket with prejudice.

1

To be clear, Yellow Jacket does not oppose a dismissal of DynaEnergetics' claim with prejudice. Indeed, as part of its mandamus briefing, DynaEnergetics has already represented to the Federal Circuit that "DynaEnergetics has moved to dismiss *with prejudice* all claims against Yellow Jacket in both the Houston case and the Galveston case" and that "[t]hose claims will not proceed regardless of the outcome of this proceeding and should not factor in any convenience analysis." Ex. B, DynaEnergetics' Response to G&H's Mandamus Petition at p. 12 of 60. Accordingly, the Court should simply grant Yellow Jacket's proposed order, which provides for the very same core relief sought by DynaEnergetics.

In stark contrast, DynaEnergetics' own proposed order seeks to add a number of conditions that are facially improper, including demands for (1) Yellow Jacket's own counterclaims[1] to be dismissed with prejudice, (2) a premature ruling that each party bear its own costs and attorneys' fees, and (3) an improper advisory ruling on the preclusive impact that this dismissal should have on other parties. *See* DynaEnergetics' Proposed Order, Dkt. 56-6. For the reasons below, the Court should reject DynaEnergetics' additional conditions, and instead only grant the core relief—the dismissal of DynaEnergetics' claim against Yellow Jacket with prejudice.

## 1. STANDARD OF REVIEW

The dispute before the court centers on one key issue: whether the Court should burden the dismissal of DynaEnergetics' claims against Yellow Jacket with additional

---

[1] This Court has already dismissed Yellow Jacket's counterclaims *without* prejudice. *See* Dkts. 57 and 60.

conditions, such as an advisory ruling on the preclusive effect of the dismissal and an interlocutory ruling on fees. An order setting conditions to a Rule 41(a)(2) dismissal is reviewed for abuse of discretion. *See Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 319–20 (5th Cir. 2002); *see also American Cyanamid Co. v. McGhee*, 317 F.2d 295, 298 (5th Cir. 1963).

## 2.  ARGUMENT

### 2.1   YELLOW JACKET IS ENTITLED TO A DISMISSAL WITH PREJUDICE

Both parties *agree* that DynaEnergetics' claim against Yellow Jacket should be dismissed with prejudice. In fact, as mentioned above, DynaEnergetics has not only moved for this relief, but it has also represented to the Federal Circuit that because its claim against Yellow Jacket will be dismissed with prejudice, the appellate court should not consider it in connection with the pending mandamus briefing. Accordingly, this Court should grant Yellow Jacket's proposed order and dismiss DynaEnergetics' claim with prejudice.

### 2.2   DYNAENERGETICS' ADDITIONAL CONDITIONS ARE UNWARRANTED

Despite moving to dismiss its claim with prejudice, DynaEnergetics seeks to burden such a typically straightforward request with conditions that would effectively turn it into a dismissal with partial prejudice. While Rule 41(a)(2) permits the court to impose certain terms as conditions of the dismissal, such conditions are "to protect the *defendant*," not the plaintiff. *Houston Granite & Marble Ctr., LLC v. Mesa Underwriters Specialty Ins. Co.*, 2016 WL 3974830, at *1 (S.D. Tex., July 25, 2016); *see also Cranford v. Morgan S. Inc.*, 333 Fed. Appx. 852, 855 (5th Cir.2009) (per curiam). The "court should not impose

conditions beyond those necessary to alleviate the harm caused to the defendant." *Id*; *see also LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604-05 (5th Cir. 1976).

### 2.2.1 DYNAENERGETICS' REQUEST TO DISMISS YELLOW JACKET'S OWN COUNTERCLAIMS WITH PREJUDICE IS NO LONGER AT ISSUE

As an initial matter, DynaEnergetics' request that Yellow Jacket's own counterclaims be dismissed *with* prejudice is no longer at issue. Not only has Yellow Jacket filed a notice of dismissal of its counterclaims without prejudice, but this Court subsequently issued an order granting that dismissal without prejudice. *See* Dkts. 57 and 60. As a result, this issue has already been resolved by the Court.

### 2.2.2 IT WOULD BE IMPROPER FOR THE COURT TO PROVIDE AN ADVISORY RULING ON THE PRECLUSIVE EFFECT OF A DISMISSAL WITH PREJUDICE

It is unclear what the purpose is behind DynaEnergetics' request for a ruling "that this order of dismissal has no effect on any claims of infringement by DynaEnergetics against Plaintiff and Counterclaim-Defendant G&H Diversified Manufacturing, LP or with respect to any claims of infringement by parties other than Yellow Jacket." *See* DynaEnergetics' Proposed Order at 2. Under the law, "a dismissal with prejudice is deemed an adjudication on the merits for the purposes of *res judicata*." *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1169-70 (5th Cir. 1980). As a result, any attempt by DynaEnergetics to evade this conclusion or the application of *res judicata* is an improper attempt to rewrite the law.

More importantly, however, DynaEnergetics' request asks this court to render an advisory ruling on the impact of Yellow Jacket's dismissal on the potential rights of "parties other than Yellow Jacket" that may (or may not) be asserted in other cases. As a

result, this request is not only premature, it is unconstitutional. *See Jang v. Boston Scientific Corp.*, 532 F.3d 1330, 1336 (Fed. Cir. 2008) ("The Supreme Court has explicitly held that Article III does not permit the courts to resolve issues when it is not clear that the resolution of the question will resolve a concrete controversy between interested parties."); *see also Church of Scientology of California v. U.S.*, 506 U.S. 9, 12 (1992).

The application of *res judicata*, estoppel, and other related doctrines is a complex, factually intensive inquiry that is accompanied by a robust body of case law. *See, e.g., Liberto v. D.F. Stauffer Biscuit Co., Inc.*, 441 F.3d 318, 326 (5th Cir. 2006). Not only is it unwarranted for DynaEnergetics to attempt to circumvent that law prospectively—it is fundamentally unconstitutional to do so when none of the "other" parties referenced by DynaEnergetics have raised a concrete controversy for resolution by any court. DynaEnergetics cannot reasonably expect the Court to assess the impact of Yellow Jacket's dismissal on such "other" parties without such a controversy and the accompanying legal briefing from those parties. As a result, the Court should simply grant the core relief requested by DynaEnergetics—the dismissal of its claims against Yellow Jacket with prejudice—and decline to render an advisory ruling on the potential impact of that dismissal on other parties and cases.

**2.2.3  YELLOW JACKET DEFERS TO THE COURT ON COSTS AND FEES**

Lastly, DynaEnergetics has conditioned its dismissal on a ruling that each party shall bear their own costs, expenses and attorneys' fees. In order to streamline the Court's resolution of DynaEnergetics' motion, Yellow Jacket gladly defers to the Court's preference on this issue.

### 3.  CONCLUSION

Given that both parties agree that DynaEnergetics' claim against Yellow Jacket should be dismissed with prejudice, the Court should simply grant Yellow Jacket's proposed order and dismiss DynaEnergetics' case with prejudice.

Dated:  September 14, 2021                    Respectfully submitted,

/s/ *Amir Alavi*_____
Amir Alavi, *Attorney-in-Charge*
State Bar No. 00793239
Southern District Federal ID No. 20910
Demetrios Anaipakos
State Bar No. 00793258
Southern District Federal ID No. 20323
Scott W. Clark
State Bar No. 24007003
Southern District Federal ID No. 25553
Todd W. Mensing
State Bar No. 24013156
Southern District Federal ID No. 302944
Michael McBride
State Bar No. 24065700
Southern District Federal ID No. 3554928
Steven Jugle
State Bar No. 24083280
Southern District Federal ID No. 3633066
Joshua Wyde
State Bar No. 24060858
Southern District Federal ID No. 873284
Louis Liao
State Bar No. 24109471
Southern District Federal ID No. 3521938
Colin Phillips
State Bar No. 24105937
Southern District Federal ID No. 3576569
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI &
    MENSING, P.C.
1221 McKinney Street, Suite 2500

Houston, Texas 77010
(713) 655-1101
(713) 655-0062
aalavi@azalaw.com
danaipakos@azalaw.com
sclark@azalaw.com
tmensing@azalaw.com
mmcbride@azalaw.com
sjugle@azalaw.com
jwyde@azalaw.com
lliao@azalaw.com
cphillips@azalaw.com

**ATTORNEYS FOR DEFENDANT**
**YELLOW JACKET OIL TOOLS, LLC**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed electronically on September 14, 2021. As such, this document was served on all counsel of record pursuant to the Federal Rules of Civil Procedure.

                                      /s/ *Amir Alavi*
                                      Amir Alavi